CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 23, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Planet Home Lending | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Trustee Services of Virginia, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:26-cv-00015 |
| | ) | |
| v. | ) | |
| | ) | |
| Secretary of the Department of Housing and Urban Development *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs Planet Home Lending, LLC ("Planet Home Lending") and Trustee Services of Virginia, LLC ("Trustee Services of Virginia") initiated this action seeking an order authorizing judicial sale of the real property known as 466 Meadow Drive, Edinburg, Virginia (hereinafter "the Property") pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2410. This matter is before the court on Plaintiffs' motion for entry of a consent order. Plaintiffs request that the court enter their proposed Consent Order Regarding Sale of Property, to which Defendant Secretary of Housing and Urban Development ("HUD") has agreed. The proposed consent order would authorize Plaintiffs to proceed with a judicial sale of the Property. For the reasons that follow, the court will deny the motion for entry of a consent order without prejudice pending a motion for default judgment against the remaining Defendants.

## I. Background

### A. Factual History

Plaintiffs' Complaint concerns a real property in Edinburg, Virginia. (Compl. ¶ 14.) On July 27, 2021, Defendants Bryan M. Payne and Faith Steen became owners of the real property at issue as joint tenants with right of survivorship. (*Id.*) To purchase the property, Payne and Steen "entered into a purchase-money mortgage loan with Vanderbilt Mortgage and Finance, Inc." on July 30, 2021. (*Id.* ¶ 16.) As part of that mortgage loan, Payne and Steen executed a Note and Deed of Trust, which granted a security interest in the Property to ensure repayment of the mortgage loan and provided for acceleration of the mortgage loan and foreclosure in the event of a default. (*Id.* ¶¶ 17–19.) On February 9, 2023, the beneficiary of the July 30, 2021 Deed of Trust assigned its interest in the Deed to Planet Home Lending. (*Id.* ¶¶ 21–23.) On January 21, 2025, Planet Home Lending "appointed Trustee Services of Virginia, LLC as Substitute Trustee" of the July 30, 2021 Deed. (*Id.* ¶¶ 24–25.)

Between 2016 and 2019, Defendants Shenandoah Memorial Hospital and Winchester Medical Center both obtained several judgments against Payne and Steen, which then became liens against Payne's and Steen's interests in the Property. (*Id.* ¶¶ 26–37.)

In August 2022, Payne and Steen executed a Partial Claim Deed of Trust on the Property with HUD. (*Id.* ¶¶ 38–42.) This loan modification reduced the loan balance of their July 30, 2021 mortgage by transferring a certain amount of the purchase-money mortgage loan to a junior mortgage loan with HUD. (*Id.*) In June 2025, Payne and Steen entered into a second loan modification with HUD by executing a Partial Claim Mortgage in its favor. (*Id.* ¶¶ 43–47.) The Complaint alleges that "there are no other persons or entities that currently

have an interest in the Property that would be considered a necessary party to this matter." (*Id.* ¶ 48.)

### B. Procedural History

On January 31, 2026, Plaintiffs filed a Complaint for Judicial Sale against Defendants. (Dkt. 1.) Plaintiffs allege that Payne and Steen's purchase-money mortgage loan is now in default for nonpayment. (Compl. ¶ 4.) Plaintiffs further allege that a judicial sale is necessary because the Secretary of HUD also has a security interest in the real property. (Mot. for Entry of Consent Order. (Dkt. 29).) Of the Defendants, only HUD made an appearance. On June 15, 2026, HUD filed a Stipulation to allow Plaintiffs to proceed with foreclosure. (Dkt. 24.) On July 16, 2026, Plaintiffs filed a motion for entry of default against the remaining Defendants. (Dkt. 25.) The clerk entered default accordingly on September 11, 2026. (Dkt. 26.) But Plaintiffs have not moved for default judgment against the remaining Defendants. On October 30, 2026, after an absence of any intervening action by the Parties, the court directed the Parties to submit a joint status report. (Dkt. 28.) Plaintiffs filed the instant motion and proposed consent order on November 2, 2026, seeking judicial sale pursuant to 28 U.S.C. § 2410(c). (Dkt. 29.) Of the Defendants, only HUD consent to entry of the proposed order. (Dkt. 29-1.)

## II. Legal Standard

"Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment." *Mayrant v. Norfolk Redevelopment & Hous. Auth.*, 801 F. Supp. 3d 601, 613–14 (E.D. Va. 2025). First, the plaintiff must request that the clerk enter default against parties who "ha[ve] failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the clerk has entered

default, the plaintiff must seek a default judgment against the parties in default under Federal Rule of Civil Procedure 55(b). *Mayrant*, 801 F. Supp. 3d at 614; *see also Dove v. Azul Int'l Sec. Servs., LLC*, No. CV 1:23-0451, 2026 WL 584638, at *5 (D. Md. Mar. 2, 2026), ("A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)) *adopted by* No. 23-CV-0451, 2026 WL 1458433 (D. Md. Mar. 23, 2026)). Where the plaintiff seeks a declaratory judgment rather than a sum certain, it must apply to the court for default judgment. *See* Fed. R. Civ. P. 55(b)(1)–(2); *Philadelphia Indem. Ins. Co. v. TLC Home Health, Inc.*, No. 3:25-cv-00120, 2026 WL 2151813, at *2 (E.D. Va. July 27, 2026).

Because "an order directing a [judicial] sale must carry the formalities of a judgment," plaintiffs requesting judicial sale must first seek default judgment against parties who have not appeared or answered. *See Movement Mortg. LLC v. Haymon*, 812 F. Supp. 3d 1316, 1319 (N.D. Ga. 2025) (discussing general principles for judicial foreclosure actions brought under 28 U.S.C. § 2410(c)); *see also United States v. Four Parcels of Real Prop. on Lake Forrest Circle In Riverchase, Shelby Cnty., Ala.*, 870 F.2d 586, 591 n.12 (11th Cir. 1989) ("[A] judicial sale is proper only if all parties interested in the defendant property have been joined in the suit and consent to such a sale."); *ALG Tr. LLC v. Bullen*, No. 3:24-cv-126, 2025 WL 1655329, at *2 (E.D. Va. June 11, 2025) (describing having required the plaintiff to file a motion for default judgment after finding that it would be inappropriate for the court to order the disbursement of funds from a foreclosure sale of property absent the entry of default judgment against one of the three defendants); *Planet Home Lending, LLC v. Sec'y of Dep't of Hous. & Urb. Dev.*, No. 2:25-cv-

303, 2026 WL 404043, at *2 (E.D. Va. Feb. 12, 2026) (approving a consent motion for judicial sale only after having found and entered default judgment against the remaining defendants); *Mid-Island Mortg. Corp. v. Sec'y of Dep't of Hous. & Urb. Dev.*, No. 1:24-cv-2357, 2025 WL 4072637, at *3, 6–8 (E.D. Va. Dec. 23, 2025), (same), *adopted by*, No. 1:24-cv-2357, 2026 WL 915266 (E.D. Va. Apr. 2, 2026). Thus, entry of a consent order approving judicial sale is inappropriate when default judgment is outstanding as to Defendants that have not consented to the sale.

## III. Analysis

Plaintiffs sought and received entry of default, but not a default judgment, against Defendants Payne, Sheen, Shenandoah Memorial Hospital, and Winchester Medical Center. (Dkts. 25, 26.) For this court to consider the proposed consent order authorizing a judicial sale, Plaintiffs must first seek default judgment against these remaining defendants.

## IV. Conclusion

Plaintiffs are **DIRECTED** to file a Motion for Default Judgment against Defendants Payne, Sheen, Shenandoah Memorial Hospital, and Winchester Medical Center within **FOURTEEN DAYS** of the date of this Order. Plaintiffs then may file a renewed Motion for Entry of a Consent Order.

The Clerk is directed to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 23rd day of November 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE